and D.O.C. Correctional Officer or not to exceed 15 minutes per side. Mr. Indall, please stop. Good morning. I have reserved four minutes for rebuttal. You may. And may it please the court. I can raise the podium a bit. There's a button there because you look like you're a little taller than the microphone. We'd like to make sure we hear you. Okay. Great. Thank you. And may it please the court. Kevin Heinbaugh from the Michigan AG's office on behalf of the Appellant Correctional Officer Lantagne. This is an appeal from the denial of qualified immunity. And in fact, more accurately, it is an appeal from the district courts not deciding qualified immunity. And that's the primary reason for this appeal. We are asking this court to do one of two things. Either, number one, reverse the district court outright in order that the district court enter qualified immunity in favor of the officer. Or number two, and the alternative, which is arguably the middle ground, to remand for further proceedings, get the case back on track of how the briefing should have been, that the district court actually have an opening response and reply brief to rule on, and that the court actually make a decision on qualified immunity. So you say when the way it should have been is both Taylor should have a chance to respond, which he didn't because he wasn't properly served, and I guess, depending on what happens, you get a chance to properly object to if there's an adverse ruling by the magistrate judge, which you didn't do. Correct. Is that fair? Yeah, because of the way the process worked, you know, in a nutshell, this had an unconventional procedure. It didn't really quite follow how most cases should go. Clearly the rule is that when qualified immunity is alleged that the district court must rule on that, and that didn't happen because of the way things went. We clearly raised it in our opening summary judgment brief. The magistrate judge recommended in our favor to grant our motion, not specifically on qualified immunity, but on basically the merits. Neither the magistrate judge nor the district court even mentioned qualified immunity. No, never, never in any of the orders. It was only mentioned in our opening summary judgment brief. It never had a ruling below. But you didn't mention it either by objection or even by comment to the magistrate judge nor in your motion for reconsideration. Well, first, as far as the... Is that correct? Yes, but I need to explain. Okay. Because in the objections to the R&R, we never had a chance to properly do that, because the district court, in fact, issued its ruling rejecting the R&R before the time was even up for us to do objections. So, you know, in that case we may have said, yeah, in the alternative you could, you know, dismiss the case on qualified immunity. In that we never had a chance because essentially the district court jumped the gun on the issue. And you are absolutely correct that we didn't raise it then in the motion for reconsideration. But at that point, you know, under the local rules, really that was narrowly tailored toward what the district court's decision was and, you know, disagreeing with that. I don't think where the local rules say that. So from your point of view, although obviously you'd like a win outright, it would really be okay if we sent it back and tried to get it on track. Yes, Your Honor. And I really think that that's the middle ground. Of course, the other extreme is that you just affirm outright. And we don't think that's appropriate because, again, nowhere in the record is there any magistrate judge or district court judge decision on qualified immunity. And under the Skousen decision and other cases, essentially a failure to decide is a decision to deny. You know, since qualified immunity is an immunity procedure. So unless there are any further questions, that's all I have. Anything from my colleagues? Okay, thank you, Counselor. Yes, Your Honor. You admit that the plaintiff didn't get a copy of your motion for summary judgment. I don't know what happened, but for the purposes of these proceedings, I will, you know, accept his version. I mean, there was a stipulation of some sort below, wasn't there? Yeah, that's right. Now they remind me that there was. So I mean, that's what we're accepting for the purpose of this appeal. Yes.  Thank you. You'll have any remaining time for rebuttal. Ms. Chen. May it please the Court, Emma Chen on behalf of the appellee, Ricky Taylor. A little thrown off by the appellee. Well, from your point of view, obviously you would like an outright win. Right. But on the other hand, you have an apparently compelling case that you didn't get a chance to even put in your answer. So what's wrong with remanding and say, let you give your response, let them give a ruling, and then we're in the regular order? Well, from our point of view, this is a no legal question. Whether the facts are set forth by the plaintiff constitutes a violation of a clearly established constitutional right. And the standard here is that the facts pleaded by the plaintiff are accepted as true and construed in his favor. And so as the district court found, when you construe the facts in the favor of the plaintiff, it fairly supports an inference that the defendant acted in retaliation for the plaintiff having filed the grievance. If you focus on that narrowly, though, normally when you get to a summary judgment, you have taken into consideration what is submitted by the opposition, who says that whatever the facts are pleaded, they've put something in their summary judgment that contradicts them or points out that they're just pleading. They're not really facts. So normally then you have to come back with something and you never had the chance to do it. So we really don't have the parties lined up the way we usually do when we decide, even though it's a question of law, we do take into account affidavits or whatever evidence is put in as part of summary judgment. And you didn't get an opportunity to contradict theirs, so if we were going to do it without that, we would have to take theirs as uncontested to the extent that it's validly put in, wouldn't we? Well, while we didn't have the traditional opportunity to respond to the motion for summary judgment, the plaintiff did file objections to the report and recommendation, which included arguments against the defendant's assertions that he did not act in retaliation. For example, on the issue of whether the defendant would have enforced the loss of privileges rule on other inmates who were in that same status, the plaintiff stated that there was a bulletin board in the lobby of the housing unit which listed every prisoner's status and the defendant could have easily known who was on loss of privileges status or not. And so that challenges the defendant's argument that he was not acting in retaliation and only issued the order against the plaintiff because he knew of his loss of privileges status at the time. When you say you made these arguments, this was in response to the magistrate judge's recommendation? That's correct. Okay. So they were arguments but they were not in the form of an answer with whatever affidavits or statements you had? They were just statements in a brief? Right. Okay. Okay, what else do you want to tell us? Well, when we get back to the legal issue, a reasonable officer would have known that having filed a grievance against him would be a violation of a clearly established constitutional right. As this court found in Scott v. Churchill at 377 F. 3rd 565, a plaintiff's right to be free from retaliation against the exercise of his First Amendment right to file a grievance is clearly established. Therefore, this defendant appellant is not entitled to qualified immunity. Well, if there was a rule at the institution that people who were on some sort of conduct reprimand were not supposed to watch their TVs but it wasn't enforced, where does that put the defendant? Would you have to show that there was some retaliation or is that enough for him to get off the hook? If I'm understanding your question correctly. Well, he claims it's against the rules for your client to watch TV because he was on misconduct reprimand. And so, if that's a rule, can't he enforce it? He can, but in this situation, that particular rule was not enforced at that facility. And that was the first charge in the major misconduct ticket, was watching television while on loss of privilege of status. And that charge was actually dismissed because it wasn't regularly enforced at the facility. It was only the subsequent charges, disobeying a direct order and influence that were upheld. And so, in effect, you have a finding by the state prison system that it wasn't enforced? Would you put it that strongly? I would... That is, what exactly... That it was not regularly enforced at the facility. Yeah, what does the order say on that? The... The decision on his... Right. And the first charge was dismissed. With particular statement that it wasn't regularly enforced? Statement that it was not regularly enforced at that facility. Okay. So, that's all I have for this court. I think it's your time. I ask that you affirm the district court. Thank you, counsel. Thank you. You'll have your time for rebuttal, if you wish, if you have any. Just some quick points of clarification. There's some argument concerning taking the factual allegations as true. I just want to clarify for sure that this was a summary judgment motion, not a 12B6 motion. So, therefore, where the rules of summary judgment apply, we're not under the Twomby and Ashcroft pleading standard type system. So, in here, clearly, when faced with the motion for summary judgment, with the burden shifting qualified immunity, where it's the defendant's duty to raise it, and then the plaintiff has the ultimate burden of showing that the defendant was not entitled to qualified immunity. That's why, in the summary judgment response brief, there should have been some evidence to refute it. So, that's the main thing I want to emphasize. And it really appears that the middle ground approach in this case would remand this case to get it back on track. Okay. The qualified immunity can be decided in the first instance by the district court. Okay. Thank you, counsel. Thank you. The case will be submitted.